UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

MELYNDA HOLDEN, on behalf of herself
and those similarly situated,

CASE NO.: 2:16-cv-00194-WCO

      Plaintiff,

vs.

GLENDA'S, INC., a Domestic Profit
Corporation and GLENDA TAYLOR,
Individually,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MELYNDA HOLDEN ("Holden" or "Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, GLENDA'S, INC., ("GLENDA'S") a Domestic Profit Corporation and GLENDA TAYLOR ("TAYLOR"), Individually (collectively "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

1

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of White County, Georgia.

5. At all times material hereto, GLENDA'S was and continues to be a Georgia Domestic Profit Corporation.

6. At all times material hereto, GLENDA'S was and continues to be engaged in business in Georgia, with its principal place of business in Cleveland, Georgia.

7. At all times material hereto, TAYLOR was, and continues to be a resident of White County, Georgia.

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Specifically, throughout her employment, Plaintiff regularly processed credit card transactions with credit card companies, banks and third-party service providers that were located outside the State of Georgia.

9. At all times material hereto, TAYLOR was, and continues to be, a resident of White County, Georgia.

10. At all times material hereto, TAYLOR owned and/or operated GLENDA'S.

11. At all times material hereto, TAYLOR regularly held and/or exercised the authority to hire and fire employees of GLENDA'S.

12. At all times material hereto, TAYLOR regularly held and/or exercised the authority to determine the work schedules for the employees of GLENDA'S.

13. At all times material hereto, TAYLOR regularly held and/or exercised the authority to control the finances and operations of GLENDA'S.

14. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of GLENDA'S; (b) determine the work schedules for the employees of GLENDA'S; and (c) control the finances and operations of GLENDA'S, TAYLOR is an employer as defined by 29 U.S.C. 201 et. seq.

15. Plaintiff was an "employee," of Defendants within the meaning of FLSA.

16. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

17. Defendants were, and continue to be, an "employer" within the meaning of FLSA.

18. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA, by virtue of their regular purchase and receipt of items from out of state, including food, drinks, alcoholic beverages, cash registers, phones, dishes, pots, stoves and other materials and tools that are necessary and integral to their business.

19. At all times material hereto, Defendants were, and continue to be, enterprises engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, cash registers, pots, pans, dishwashing equipment, telephones and other kitchen, food preparation and office materials and tools.

22. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of

the fact that she regularly completed financial transactions with Defendants' customers' credit card companies, banks, and third-party payment processing services outside the State of Georgia, as part of her duties as a Server.

23. At all times material hereto, the work performed by the Plaintiff was directly essential to the business of Defendants.

## STATEMENT OF FACTS

24. On or about January 28, 2007, Defendants hired Plaintiff to work as cook, server, and/or cashier.

25. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

26. From at least January 28, 2007, and continuing through August 2015, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

27. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

28. Defendants have violated Title 29 U.S.C. §207 from at least January 2007, and continuing through August 2015, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40)

hours per work week, as provided by the FLSA; and

    c.    Defendants failed to maintain proper time records as mandated by the FLSA.

29. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

30. Plaintiff re-alleges and re-avers paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. From at least January 2007, and continuing through August 2015, Plaintiff has worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

34. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

35. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours

per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

38. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate of less than time and one-half for their overtime hours.

39. Based upon information and belief, the current and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and one-half their regular rate of pay for such hours.

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

- d. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;
- e. Awarding Plaintiff the declaratory relief sought herein;
- f. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;
- g. Awarding Plaintiff liquidated damages in an amount equal to the overtime

      award;

h.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

i.     Awarding Plaintiff pre-judgment interest; and

j.     Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:

      Respectfully submitted,

      **/s/ ANDREW R. FRISCH**
      Andrew R. Frisch, Esq.
      Morgan & Morgan, P.A.
      600 N. Pine Island Road, Suite 400
      Plantation, FL 33324
      Telephone:   (954) WORKERS
      Facsimile:   (954) 327-3013
      Email: AFrisch@forthepeople.com

      *Trial Counsel for Plaintiff*